IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3069-FL

| | | |
|---|---|---|
| JOHNNY CLIFTON CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER CRAWFORD and NURSE NELSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss plaintiff's second amended complaint (DE # 35) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Officer Tiffany Crawford ("Crawford"). Plaintiff did not timely file a response within the time allowed to do so. In this posture, this matter is ripe for adjudication. For the reasons that follow, Crawford's motion to dismiss plaintiff's second amended complaint is denied.

## STATEMENT OF THE CASE

On June 10, 2008, plaintiff Johnny Clifton Cyrus ("plaintiff") filed this action against Crawford and defendant Nurse Nelson ("Nelson") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, plaintiff alleged that Crawford sexually assaulted him and that Nelson used excessive force against him in violation of the Eighth Amendment of the United States Constitution.

On July 27, 2009, Nelson filed a motion for summary judgment, arguing that plaintiff's claim against him should be dismissed because he failed to exhaust his administrative remedies.

Alternatively, Nelson argued that plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted, and that he is entitled to qualified immunity for plaintiff's claims against him. On October 9, 2009, Crawford filed a motion to dismiss arguing that plaintiff failed to exhaust his administrative remedies and, alternatively, that plaintiff failed to state a claim upon which relief may be granted. Crawford also argued that she is entitled to qualified immunity for plaintiff's claim against her. Plaintiff filed a response to both motions on November 2, 2009.

On January 29, 2010, the court entered an order granting Nelson's motion for summary judgment, but denying Crawford's motion to dismiss. The court allowed plaintiff twenty (20) days to amend his complaint to particularize his claim against Crawford. Specifically, plaintiff was permitted the opportunity to allege facts to support his claim that Crawford sexually harassed and assaulted him. Plaintiff responded to the court's order to particularize on February 22, 2010.

On March 26, 2010, Crawford filed a motion to dismiss plaintiff's amended claim against her on the grounds that plaintiff failed to state a claim upon which relief may be granted. Although he was notified of Crawford's motion, plaintiff failed to file a response.

## DISCUSSION

A. Motion to Dismiss

  1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.

2

v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Crawford asserts that plaintiff has failed to state a claim upon which relief may be granted because plaintiff failed to sufficiently particularize his complaint. In particular, Crawford claims that plaintiff reasserts the "same bald allegations" raised in plaintiff's original and amended complaints. (Crawford Mem. (DE # 36) p. 2.) Crawford also claims that plaintiff failed to sufficiently particularize the time period that the alleged sexual assault took place, and that plaintiff provided inconsistencies with regard to the time periods applicable to the alleged sexual assaults.

A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S.Ct. at 1949. In this case, plaintiff alleged that Crawford sexually assaulted him from the middle of April 2007 through the end of April 2007, and also in May 2007. (Am. Compl. (DE # 34) pp. 1 and 3.) Plaintiff states that Crawford sexually assaulted him on every morning that she worked. (Id. p. 3.) Plaintiff additionally provides details regarding the alleged sexual assaults. At this point in the proceedings, the court finds that

3

plaintiff has provided facts sufficient to state a claim for relief that is plausible on its face. See Iqbal, 129 S.Ct. at 1949. Accordingly, Crawford's motion to dismiss is DENIED.

B. Show Cause

On January 29, 2010, as herein noted, the court granted Nelson's motion for summary judgment on plaintiff's excessive force claim on the grounds that plaintiff could not show a constitutional violation because the injuries he allegedly suffered were *de minimis*. The court is aware that the law supporting the grounds for the court's January 29, 2010 dismissal of defendant Nelson has changed and that reinstatement of defendant Nelson upon motion by plaintiff may be appropriate. In making its determination, the court relied on the Fourth Circuit's holding in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), which requires a demonstration of more than a *de minimis* injury to prevail on an Eighth Amendment claim. The Supreme Court has since held that the "core judicial inquiry" in an excessive force claim by a prisoner is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," thereby abrogating the Fourth Circuit's decision in Norman. Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010).

If plaintiff so desires to reinstate, plaintiff is DIRECTED to show the cause for same through the filing of a motion to reinstate Nelson as a defendant, properly supported, on or before December 10, 2010. Likewise, if remaining defendant would seek to show cause why Nelson should not be reintroduced into the case, such cause may be shown in the form of a separate filing to be made on or before December 10, 2010, and/or in the form of defendant's response to any motion made by plaintiff, who proceeds *pro se*, seeking this relief in light of the change in law.

4

## CONCLUSION

For the foregoing reasons, Crawford's motion to dismiss (DE # 35) is DENIED, and the case shall proceed against defendant. The Clerk of Court is DIRECTED to issue an initial order in this action. Finally, if plaintiff desires to reinstate the case against the other defendant, plaintiff is DIRECTED to show cause through the filing of a motion to reinstate Nelson as a defendant, properly supported, on or before December 10, 2010. If Crawford would seek to show cause why Nelson should not be reintroduced into the case, such cause may be offered on her behalf through shared counsel in the form of a separate filing to be made on or before December 10, 2010, and/or in response to any motion made by plaintiff, who proceeds *pro se*, seeking this relief in light of the recent change in law.

SO ORDERED, this the 16th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge